SELAH H. LANGDON *v.* THE RUTLAND AND WASHINGTON RAILROAD COMPANY, GEORGE W. STRONG AND THOMAS H. CANFIELD.

*Constable; his right to act without giving bond.*

A person elected to the office of constable may discharge its duties without having executed a bond to the town if it has not been required of him, or if its execution and delivery are delayed for the time being with the consent of the selectmen. He may legally act as constable until his office is vacated by the selectmen on his refusal to execute a bond to their satisfaction.

DEBT upon a replevin bond taken of the defendants by Isaac Gibson, as constable of the town of Rutland, on the 16th day of May, 1854, upon the service by him of a writ of replevin in favor of the Rutland and Washington Railroad Company, to replevy property attached upon a writ against them in favor of the plaintiff. Plea, *non est factum*, and several special pleas denying that said Gibson was constable, or that he had any authority to serve

the writ of replevin, and that the bond taken by him was therefore invalid, &c. Trial by the court, March Term, 1856, — PIER- POINT, J., presiding.

Upon the trial no question was reserved except in reference to the authority of Gibson, in reference to which it was proved that at the annual March meeting of the town of Rutland, held March 7th, 1854, he was duly elected second constable; that he imme- diately entered upon the execution of, and continued to perform the duties of constable from that time to the time of the service of the writ of replevin, and that this was known to one or more of the selectmen of the town; that soon after the town meeting, one of the selectmen informed Gibson that before he could act as con- stable he must give bonds; that Gibson engaged to do it, and did procure a bond to be drawn up in the penal sum required by the selectmen, and signed and sealed it himself, and procured sureties to do the same that were satisfactory to the selectmen, and showed the bond to one of them, but said he wanted to get other sureties, and retained it in his possession with an understanding between him and said selectman that he should procure the additional sig- natures to the bond and deliver it, the said selectman cautioning him against doing any important business as constable until the bond was delivered; but that the bond never was delivered, nor any bond given; and that the selectmen after the service of the writ of replevin, notified Gibson that he must not do any more busi- ness as constable until the bond was delivered; and that he there- upon ceased from the performance of any further business as con- stable of Rutland.

Upon this proof the court decided that the defendants were lia- ble on the bond, and rendered judgment for the plaintiff. Excep- tions by the defendants.

*D. A. Smalley,* for the defendants.

*C. L. Williams,* for the plaintiff.

The opinion of the court was delivered by

ISHAM, J. The case of *Bowman* v. *Barnard,* 24 Vt. 361, seems decisive upon the question raised on these exceptions. In

that case it was held, that a constable derives his official authority from his election to that office, and from the statute regulating his duties and defining his powers.    The execution of a bond to the town for their indemnity is not regarded as a condition precedent to his right to execute those duties.    The person so elected can lawfully discharge them until his office is vacated by the selectmen, *on his refusal to execute a bond to their satisfaction.*    In this case it appears that Isaac Gibson was duly elected constable of the town of Rutland in March, 1854; that he immediately entered upon the performance of those duties, and continued to discharge them with the knowledge of one or more of the selectmen, from that time until after the service of the writ of replevin, when the bond was given on which this suit is brought.    It is stated in the case that, soon after his election, one of the selectmen informed Mr. Gibson that he must give bonds to the town before he acted as constable, and which he then agreed to procure.    But it is also stated, that he did in fact procure a bond with sureties to the satisfaction of the selectmen, and by a mutual understanding he was permitted to retain the bond in his possession in order to obtain other signatures, under a request on the part of the selectmen to refrain from doing any important business as constable until the bond was delivered.    It is apparent from this request that the office had not been vacated, and that, to some extent, it was expected he would act as constable of the town.    The service of the writ of replevin was made under those circumstances, and it was not until after that writ was served, and this bond was taken, that the selectmen notified Mr. Gibson that he must do no further business as constable of the town of Rutland.    The execution of a bond to the town is a matter between the constable and the town, and in which third persons have no interest.    If no bond is required by the selectmen, or if its execution and delivery for any reason is delayed by consent, the constable elected may, in the mean time, execute the duties of that office, and the town are responsible for his acts until his election is duly vacated by the selectmen.    Mr. Gibson, therefore, was authorized to serve that writ of replevin and take this bond; and his neglect to execute a bond to the town for their indemnity constitutes no defense to this action.

Judgment affirmed.